# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DWAYNE SMITH-BEY, | : | Civil No. 4:13-CV-1665 |
| Petitioner, | : | |
| v. | : | (Judge Brann) |
| DANIEL BURNS, | : | (Magistrate Judge Carlson) |
| Respondent. | : | |

## MEMORANDUM AND ORDER

State prisoners who turn to the federal courts seeking habeas corpus relief are often called upon to chart a careful course between competing procedural shoals. Prisoners who file prematurely may run afoul of one of the statutory prerequisites to a state prisoner seeking habeas corpus relief in federal court, "exhaust[ion of] the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Prisoners who delay in filing may find that the one-year statute of limitations applicable to habeas petitions under 28 U.S.C. § 2244, now bars their access to federal court. Thus, prisoners often must endeavor to steer a course between the Scylla of § 2254's exhaustion requirement and the Charybdis of the bar of the statute of limitations.

In these proceedings, each of the petitioners is an inmate in the custody of the Pennsylvania Department of Corrections, and each is serving a sentence of life

imprisonment that was imposed after the petitioner was convicted of murder. Each petitioner has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, arguing that his or her sentence of life imprisonment is unconstitutional under the Eighth And Fourteenth Amendments to the United States Constitution, in light of the United States Supreme Court's holding in *Miller v. Alabama*, 567 U.S. ___, 132 S. Ct. 2455 (2012). We are overseeing pre-trial management in each of these cases.

Each of the petitioners has moved the Court to stay and hold these proceedings in abeyance pending the outcome of post-conviction applications brought pursuant to Pennsylvania's Post-Conviction Relief Act, 42 Pa. Cons. Stat. Ann. §§ 9541-9546 (PCRA), all of which are currently pending in Pennsylvania state courts. (Doc. 4.) The petitioners seek to stay their federal proceedings while they complete the process of exhausting their claims in state court, in order to guard against the possibility that their federal habeas petitions could later be found to be untimely under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).

The AEDPA imposes a one-year statute of limitations on applications for writs of habeas corpus. Under 28 U.S.C. § 2244(d)(1)(A), the statute of limitations begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." At the same time, the AEDPA obligates petitioners to exhaust their claims in state court before proceeding

with a habeas corpus petition in federal court, but provides that the limitations period is tolled during the pendency of a "properly filed" state post-conviction petition. 28 U.S.C. § 2244(d)(2).

When a petitioner files a petition which contains unexhausted claims, the Court has several courses available to it. First, the Court can dismiss the petition without prejudice, so that the petitioner can either return to state court and totally exhaust his claims, or proceed in federal court on a petition which raises only wholly exhausted issues. *Rose v. Lundy,* 455 U.S. 509 (1982). This total exhaustion approach facilitates the important goals of federalism and comity that are essential to the exhaustion rule, and allows for complete legal and factual development of these cases in the state legal system before petitions are presented in federal court. However, because strict compliance with this total exhaustion rule can create procedural dilemmas for some petitioners who may be unable to fully exhaust state remedies on petitions before the one-year statute of limitations prescribed for state habeas petitions elapses, the courts have adopted another procedure which may be employed in a limited number of cases, a "stay and abeyance" procedure in which the federal habeas petition is stayed pending exhaustion of state remedies by the petitioner. *Rhines v. Weber,* 544 U.S. 269 (2005). According to the Supreme Court:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

*Rhines v. Weber,* 544 U.S. at 277. Therefore, in order to qualify for a stay and abeyance a petitioner should "satisf[y] the three requirements for a stay as laid out in Rhines: good cause, potentially meritorious claims, and a lack of intentionally dilatory litigation tactics." *Heleva v. Brooks,* 581 F.3d 187, 192 (3d Cir.2009).

As noted, each of these cases has been brought following the Supreme Court's decision in *Miller*, which was issued on June 25, 2012. In each instance, the petitioners have moved to stay and hold in abeyance their federal habeas petitions in order to guard against the possibility that Pennsylvania state courts hold that Miller is not retroactively applicable, and, therefore, that the PCRA petitions were not "properly filed" so as to toll the one-year limitations period. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416-17 (2005) (holding that time limits are filing conditions, and where state court rejected petitioner's PCRA petition as untimely, it was not "properly filed," and, therefore, he was not entitled to statutory tolling of his federal habeas petition under 28 U.S.C. § 2244(d)(2)).

Furthermore, it is noteworthy that in each instance, the respondents have concurred in the stay request. This concurrence reflects a recognition by state authorities that the state courts should, in the first instance, have the opportunity to address this issue as matter of state law. Adopting this course has merits on several scores. First, it may make federal proceedings unnecessary. In any event, this course will promote judicial economy if federal habeas corpus proceedings later prove necessary once the application of *Miller* to these petitioners has been fully addressed by the state courts.

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court held that a district court may stay, in limited circumstances, enter an order staying and holding in abeyance a petition for writ of habeas corpus, provided that there is good cause to do so, that the petition raises potentially meritorious claims, and there is an absence of intentionally dilatory litigation tactics. *Id.* at 278; *see also Heleva v. Brooks*, 581 F.3d 187, 192 (3d Cir. 2009). Upon consideration, we find that all three of these considerations are satisfied, and that there is good cause to issue orders staying and holding in abeyance each of these habeas proceedings while the petitioners complete the process of exhausting their claims in Pennsylvania state courts. Furthermore, we observe that in each of these cases, it appears that the respondents have concurred in the requested relief. In addition, we note that this course of action has been expressly

adopted by judges of this Court in other cases in which state prisoner petitioners have recently filed claims based upon the Supreme Court's decision in *See, e.g.*, *Tarselli v. Folino*, No. 4:CV-13-939, 2013 WL 2177769, at *3 (M.D. Pa. May 20, 2013)(Brann, J.) (granting a stay in the context of *Miller* exhaustion); *accord Klinger v. Walsh, et al.*, No. 4:CV-13-1537 (Rep't & Rec., June 14, 2013, Blewitt, Magis. J.).

Finally, we note that, unlike a decision dismissing a petition as unexhausted, "motions to stay litigation . . . , are non-dispositive motions under Rule 72(a). *See, e.g., Gonzalez v. GE Group Adm'rs, Inc.,* 321 F.Supp.2d 165, 166 (D.Mass.2004); *Torrance v. Aames Funding Corp.,* 242 F.Supp.2d 862, 865 (D.Or.2002); *All Saint's Brands, Inc. v. Brewery Group Den., A/S,* 57 F.Supp.2d 825, 833 (D.Minn.1999); *Herko v. Metro. Life Ins. Co.,* 978 F.Supp. 141, 142 n. 1 (W.D.N.Y.1997)." *PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 14 (1st Cir. 2010). Therefore, the decision to grant, deny or lift a stay rests within the jurisdiction and sound discretion of a United States Magistrate Judge under 28 U.S.C. §636(b)(1)(A), subject to appeal to the district court for an abuse of that discretion. *Touton, S.A. v. M.V. Rizcun Trader*, 30 F. Supp. 2d 508, 510 (E.D. Pa. 1998)("[T]he Court finds that neither the grant of the stay of proceedings . . ., nor the lift of said stay, constituted 'injunctive relief' in excess of the Magistrate Judge's authority under § 636(b)(1)(A).").

In this case, having found that the relevant factors enunciated in *Rhines* are fully satisfied, further finding that the respondents concur in staying these cases, and mindful that "when an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action," *Crews v. Horn*, 360 F.3d 146, 154 (3d Cir. 2004), we will grant the motions to stay these proceedings.

Accordingly, IT IS HEREBY ORDERED THAT the petitioner's motion to stay (Doc. 4.) is GRANTED and this case is STAYED pending further order of the Court.

IT IS FURTHER ORDERED THAT within 30 days of the termination of the petitioner's related state-court PCRA proceedings, the petitioner shall file a written status report with the Court to inform the Court of the outcome of his state-court proceedings, and shall include a copy of the relevant state-court dispositions.

So ordered this 2d day of July 2013.

                                            */s/ Martin C. Carlson*
                                            Martin C. Carlson
                                            United States Magistrate Judge